UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PA REALTY GROUP, LLC, in capacity As Successor Agent under those Certain 12% Series A Senior Secured Convertible Promissory Notes,     *Plaintiff*, <br><br> v. <br><br> H. LEE HORNBECK, in capacity as Agent,     *Defendants*. | CIVIL CASE NUMBER: <br><br> 3:16-cv-00630-VLB <br><br> May 20, 2016 |

### Memorandum of Decision Denying Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff PA Realty Group, LLC brings this action for monetary and declaratory relief against Defendant H. Lee Hornbeck. ECF No. 9 (Am. Compl.). Stratex, a publically traded energy company, issued promissory notes to various individuals ("Noteholders"), and Defendant was appointed as their agent. ECF No. 10-2 at ¶¶ 3–6. A majority of Noteholders later voted to remove Defendant and appoint Plaintiff as the successor. ECF No. 10-3 at ¶ 9. Plaintiff then sought a declaratory judgment confirming the propriety of its appointment. ECF No. 1 (Compl.). In light of this lawsuit, Defendant provided Noteholders with his unequivocal resignation in writing. ECF No. 10-4 at 24. Plaintiff now alleges that Defendant—notwithstanding his written resignation—intends to petition for involuntary bankruptcy against Stratex because Defendant told his attorney who then told Stratex's CEO who then informed Plaintiff about Defendant's intentions. ECF No. 10-1. Plaintiff moves for a temporary restraining order and preliminary injunction enjoining Defendant from acting as Noteholders' agent.

1

The standards governing injunctive relief are well-established.  A party seeking a temporary restraining order or a preliminary injunction "must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405–06 (2d Cir. 2011) (internal quotation marks omitted).  A showing of irreparable harm is nonnegotiable.  *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 37 n.6 (2d Cir. 2010).  It requires a movant to show that "absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

Plaintiff fails to show irreparable harm.  Plaintiff asserts that Defendant will imminently petition for involuntary bankruptcy on Noteholders' behalf and that his doing so will "eviscerate" the value of the notes.  ECF No. 10-1 at 11–14.  This conclusory assertion is insufficient because the current record does not show imminency and even assuming imminency, Plaintiff fails to articulate a harm that cannot be remedied.

As to imminency, Plaintiff asserts that, "[o]n or about May 10, 2016, Mr. Munsey informed Mr. Funk that defendant and the agent for the Series B Notes (who also is represented by Washburn Firm) intend to file imminently an

involuntary bankruptcy petition against Stratex." ECF No. 10-1 at 10. This statement is supported only by Exhibit 23 to the Funk Declaration. But no such exhibit exists. See ECF No. 10-2. Unsupported assertions cannot serve as a basis for injunctive relief. Cf. 13 Moore's Federal Practice § 65.23[1] (Matthew Bender 3d ed.) (observing that allegations contained in an unverified complaint cannot be considered in support of preliminary injunction). Plaintiff likely intended to refer to paragraph twenty three of Funk's declaration, wherein Funk declares word-for-word the assertion of fact contained in the memorandum of law. But in light of other, concrete evidence to the contrary, this declaration involving multiple levels of hearsay fails to persuade. Defendant unequivocally resigned from his role as agent. ECF No. 1-4 at 22–24 (Ex. 6). The Court finds it entirely speculative that Defendant would act in direct contravention to his express statement based on what amounts to a game of telephone.[1]

Plaintiff also fails to explain how the filing of an involuntary bankruptcy would cause a harm that cannot be remedied. Plaintiff asserts that a petition for involuntary bankruptcy would "eviscerate" the value of the notes and supports this conclusory assertion with conclusory declarations from Funk and Plotnikov. ECF No. 10-1 at 10; 10-2 at ¶ 23 ("Filing involuntary bankruptcy petition would eviscerate the Notes."); 10-3 at ¶ 11 ("In my opinion, any bankruptcy would

---

[1] "The admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage." *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010). While a hearing is normally required to resolve disputes of fact, a preliminary injunction hearing would be futile here because the other grounds for dismissal do not involve disputes of fact. See *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 37 (2d Cir. 1988) (affirming denial of evidentiary hearing because "[t]he most significant factors . . . would have remained essentially unchanged by any additional evidence").

eviscerate the Note Holders' rights and investment in Stratex. I."). These conclusory declarations are insufficient to entitle Plaintiff to relief because they do not explain why being an unsecured creditor in a bankruptcy proceeding would "eviscerate" the value of the notes. 13 Moore's Federal Practice § 65.23[2] (Matthew Bender 3d ed.) ("Affidavits submitted in support of a motion for a preliminary injunction must clearly set forth the basis for its need; vague or conclusory affidavits will likely result in denial of a motion for a preliminary injunction.").

Plaintiff's memorandum fairs no better in explaining how Noteholders' monetary interest would be "eviscerated." Plaintiff argues that any petition for involuntary bankruptcy would result in an automatic stay, preventing Noteholders from becoming secured creditors. *See* 11 U.S.C. § 362(a)(4). True, but irrelevant based on the information provided. An automatic stay does not automatically "eviscerate" an unsecured claim; it requires an unsecured creditor to file a proof of claim in the bankruptcy proceeding. *See* 11 U.S.C. § 501; F.R.B. 3002. In other words, Noteholders' claims would be subordinated, not eviscerated. Evisceration would only occur if the estate possesses insufficient funds to first pay the secured creditors. Plaintiff provides no evidence to enable the Court to evaluate the likelihood of this possibility—that is, information concerning the financial health of Stratex. Plaintiff also argues that "the trustee may avoid the Note Holders unperfected security interest under 11 U.S.C. § 544." ECF No. 10-1 at 13. But again the status of the unsecured claims alters the order of priority; it does not "eviscerate" them. *See* Collier on Bankruptcy § 544.03 (2015) ("If the holder

4

of a security interest in the debtor's property has not taken the necessary steps under applicable law to put other potential creditors on notice of its interest by proper perfection, section 9-317(a)(2) of the Uniform Commercial Code provides that such a security interest *is subordinate* to the right of a 'lien creditor.'" (emphasis added)).

So Plaintiff's assertion of irreparable harm boils down to a doubly speculative monetary injury: the hypothetical petition for involuntary bankruptcy would subordinate Noteholders' claims to any secured creditors, leaving Noteholders with little or no money depending on the unknown value of the estate. But a financial injury constitutes irreparable harm only when "there is a substantial likelihood that the judgment will be uncollectible, so the parties cannot be returned to the positions previously occupied." *SEC v. Princeton Econ. Int'l Ltd.*, 73 F.Supp.2d 420, 425 (S.D.N.Y. 1999) (citations omitted); *Brenntag Int'l Chemicals, Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999) ("As a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm." (citing J*ackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam)). Plaintiff provides no evidence—indeed, does not even allege—that *Defendant* (or Defendant's insurer) will be insolvent at the end of this litigation. Without showing that Plaintiff cannot be compensated for any hypothetical losses based on a hypothetical petition for involuntary bankruptcy, the asserted harm is not irreparable.

**Critically, the motion suffers from another fundamental defect. "A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law."** *N. California Power Agency v. Grace Geothermal Corp.,* **469 U.S. 1306 (1984). Plaintiff possesses another adequate remedy. It may seek dismissal of the petition for involuntary bankruptcy on the ground that Defendant lacked standing to do so after being removed as an agent—namely, by arguing that the interests of the creditors and the debtor would be best served by dismissal because no creditor petitioned for involuntary bankruptcy.** *See* **Collier on Bankruptcy § 303.20 (15th 2015) ("Although creditors cannot answer a petition directly, they are not precluded from other types of responses that could yield the same ultimate outcome, such as seeking dismissal of the involuntary petition under section 305, 707(a) or 1112(b)."). Given this alternative remedy—one that would provide a fair opportunity for both parties as well as other nonparties to be heard by a judge intimately familiar with the subject matter at issue—the Court will not enjoin Defendant, who has unequivocally resigned as agent and does not appear to be threatening to act in contravention to that resignation, from petitioning for involuntary bankruptcy.**

**IT IS SO ORDERED.**

                                                                 _____/s/_____
                                                         **Vanessa L. Bryant**
                                                         **United States District Judge**

**Order dated in Hartford, Connecticut on May 20, 2016.**