UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PA REALTY GROUP, LLC, in capacity as Successor Agent under those certain 12% Series A Senior Secured Convertible Promissory Notes, | : : : : : : | Docket No. 3:16-cv-630 (VLM) CM/ECF |
| Plaintiff, | : : | |
| v. | : : | |
| H. LEE HORNBECK, in capacity as Agent, | : : : : | |
| Defendant. | : | April 5, 2017 |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Court should grant the plaintiff's motion for summary judgment, and deny the defendant's motion for summary judgment. The competing summary judgment motions present a simple issue: whether the defendant has countered with admissible evidence creating a genuine issue of fact as to whether more than 50% of the principal voted to remove the defendant as agent. The defendant has failed to sustain his burden, and, instead, submits desperate arguments lacking foundation in fact or law. Summary judgment should be granted in favor of the plaintiff.

I. **Plaintiff submitted declarations of noteholders representing more than 50% of the principal of the notes removing defendant as agent**

Plaintiff has provided declarations establishing that more than 50% of the principal of the Notes voted to remove the defendant as agent. Without reference

1

to any admissible evidence, the defendant resorts to an unsubstantiated arithmetic error – but fails to cite any evidence contradicting the exact references to the noteholder list identified in the table of plaintiff's opening brief at pages 4-5. *See Gannon v. UPS*, 529 F. App'x 102, 103 (2d Cir. 2013). Thus, summary judgment in favor of the plaintiff should be entered.

II. <u>Unsworn declarations are permissible under 28 U.S.C. § 1746</u>

Defendant resorts to a frivolous argument that declarations under 28 U.S.C. § 1746 are improper because the Local Rules make no express reference to that statute. *See* Def's Opp. at 9 ("Local Rule 56(a)3 does not provide for the use of declarations."). Section 1746 states, in pertinent part: "Wherever, . . . *any rule* . . ., any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . . affidavit, in writing of the person making the same . . ., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form[.]" 28 U.S.C. § 1746. Plainly, Section 1746's reference to "any rule" encompasses Local Rule 56(a)3. This Court has regularly considered declarations supporting motions for summary judgment. *See, e.g., Neclerio v. Trans Union, LLC*, 983 F. Supp.2d 199 (D. Conn. 2013). And that is in addition to Federal Rule of Civil Procedure 56's express allowance of declarations to support motions for summary judgment. *See* FED. R. CIV. P. 56(c)(1) and (c)(4).

**III.     Plaintiff properly disclosed to the defendant the declarations submitted in <u>support of summary judgment</u>**

Defendant argues "surprise" by the declarations submitted by the plaintiff in support of summary judgment. The voting form for everyone submitting a declaration for plaintiff's summary judgment had been previously filed with the court prior to exchanging initial disclosures. *See* ECF 10-3. Thus, defendant plainly had notice of the identity of the declarants.

**IV.     Plotnikov's Declaration is not inconsistent with his testimony, and, even if it were, those inconsistencies have nothing to do with the vote of the <u>Noteholder removing the defendant as agent</u>**

Defendant's argument on Plotnikov's declaration is irrelevant to the parties' claims and defenses. It has nothing to do with whether or not more than 50% of the principal of the Notes removed the defendant as agent.[1]

**V.     <u>Plaintiff hereby submits additional declarations from certain Noteholders</u>**

Despite defendant's arguments to the contrary, there is nothing wrong with the declarations. Out of an abundance of caution, however, plaintiff has submitted declarations curing any alleged deficiencies:

- WGC International Co. Ltd. identifies the signatory and confirms authority to submit the declaration.
- JD Partners Co. Ltd. identifies the signatory and confirms authority to submit the declaration.
- QT Capital LLC confirms authority to submit the declaration.

---

[1] The Affidavit of H. Lee Hornbeck, dated March 13, 2017 (ECF 38) states that "I, *Emily A. Gianquinto*, having been duly sworn, depose and state the following:" *Id.* at 1 (emphasis added).

3

- **511 North Broad Street, LLC confirms authority to submit the declaration.**
- **PA Realty Group LLC confirms authority to submit the declaration.**
- **Sergey Sprikut provides date of declaration.**

VI. <u>Conclusion</u>

Based on the foregoing, each of the declarants are noteholders, and compromise more than 50% of the principal balance of the notes, which is all that is required for a vote. If removal is not confirmed now, the same noteholders will vote again, and the parties will be back before the court. This is an issue needing immediate resolution. Defendant's arguments are baseless and completely miss the point: the defendant was removed as agent in accordance with the operative agreement. Accordingly, Plaintiff's motion for summary judgment should be granted.

**Dated: April 5, 2017**                                    Respectfully submitted,

<u>/s/ Rafal Strzalkowski</u>
**Rafal Strzalkowski (*pro hac vice*)**
**320 SE 3rd St., Apt A17**
**Gainesville, Florida 32601**
**Tel.: (352) 262-9593**
rs@lawyeronwheels.org

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/    Rafal Strzalkowski
Rafal Strzalkowski